UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANICE KOEHLER

      Plaintiff,

  v.

MADISON COUNTY, ILLINOIS,

      Defendant.

Case No. 22-cv-2912-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on its June 25, 2024, order to show cause (Doc. 44). In that order, the Court recounted the numerous deficiencies the plaintiff has displayed in prosecuting this case, which centers on the May 2021 termination of her employment by defendant Madison County, Illinois. It then ordered her to show cause on or before July 9, 2024, why the Court should not (1) order her to pay the attorney's fees the defendant has incurred because of her disclosure and discovery delinquencies, and/or (2) strike her complaint and dismiss this case with or without prejudice. Koehler has not responded to the Court's order.

Before taking action a brief recap of Koehler's delinquencies is in order:

- Failure to serve process within 90 days of filing the complaint as required by Federal Rule of Civil Procedure 4(m);

- Repeated failure to make initial disclosures and to respond to discovery requests, even by extended deadlines;

- Failure to file a notice of appearance of new counsel or alert the Court she would be proceeding *pro se*, even by an extended deadline;

- Failure to participate in a mandatory mediation session with the selected mediator; and

- Failure to respond to the June 25, 2024, order to show cause.

It appears that Koehler has no intention of accomplishing the things necessary to

prosecute this case.  Accordingly, the Court will dismiss this case without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 425, (7th Cir. 1998).

The Court has discretion to dismiss a suit for lack of prosecution as a punitive measure.  *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021); *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013).  However, it should not do so immediately after the first problem occurs without exploring other potentially effective options.  *Sroga*, 722 F.3d at 982.  The plaintiff should also have warning that the Court is considering dismissal.  *Id.*; *Grun*, 163 F.3d at 425.  In deciding whether to dismiss a case for lack of prosecution, the Court should consider:

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993)).  "There is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed." *Ball,* 2 F.3d at 760.

The Court has considered the relevant factors and finds that dismissal without prejudice is appropriate.  Koehler has been delinquent in some of the most fundamental requirements of litigation:  making required initial disclosures, responding to discovery requests, and responding to orders from the Court to justify her delinquencies.  Although much of the fault lies with her former counsel, as the Court noted before, once she began proceeding *pro se* during her search for new counsel, her delinquencies continued.  To no avail, the Court has tried to frog-march the

2

plaintiff to comply with discovery rules, wasting time that it could have spent resolving other cases where plaintiffs were actively prosecuting their claims.  In addition, the defendants are now faced with the prospect of litigating a case where the facts occurred more than three years ago. They are likely to be prejudiced at least in some ways by the delay—memories fade with time, and important witnesses may become unavailable.  The Court warned Koehler in its June 25, 2024, show cause order that it might dismiss this case, yet she did not respond to that order. While the Court appreciates that Koehler's lawsuit alleging disability and age discrimination and retaliation serves to achieve the important social objective of eradicating unlawful behavior of that kind and may, in the end, have been meritorious, but this will never be known because Koehler has failed to prosecute the case.

Accordingly, the Court:

- **DISMISSES** this case **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995);

- **DIRECTS** the Clerk of Court to enter judgment accordingly; and

- **DENIES** the defendant's motion for sanctions (Docs. 30 & 43) and for attorney's fees (Doc. 32) since this dismissal effectively resolves Koehler's claims.

**IT IS SO ORDERED.**
**DATED:  July 19, 2024**

                                                                             s/ J. Phil Gilbert
                                                                             **J. PHIL GILBERT**
                                                                             **DISTRICT JUDGE**